James E. STEVENSON, and on behalf of himself and all others similarly situated, Plaintiff,

v.

SECRETARY OF the UNITED STATES AIR FORCE, Defendant.

No. CIV–80–943–D.

United States District Court, W.D. Oklahoma.

June 30, 1981.

Michael T. Braswell, Oklahoma City, Okl., for plaintiff.

Larry D. Patton, U.S. Atty., Stan Twardy, Asst. U.S. Atty., Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, District Judge.

This is an action by Plaintiff alleging discriminatory practices by Defendant with regard to the promotion of Plaintiff. It is asserted that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1343. Defendant has filed herein a Motion to Dismiss supported by a Brief and Plaintiff has filed a Brief in opposition thereto.

In support of his Motion, Defendant contends that this Court lacks jurisdiction over the instant action as Plaintiff failed to file a complaint with the Equal Employment Opportunity Commission (EEOC) within 30 days of the alleged discriminatory act as required by 29 C.F.R. § 1613.214(a)(1)(i). Plaintiff responds that he filed his complaint within the time period required after the effective date of the discriminatory act.

It appears from the record before the Court that Plaintiff received his supervisory appraisal for the period between March 1, 1979 and March 1, 1980 on March 18, 1980. Plaintiff felt his appraisal was low and filed a grievance on April 2, 1980 with Defendant as required by a labor-management agreement between Plaintiff's Union and Defendant. On April 22, 1980 Defendant denied Plaintiff's grievance. On April 29, 1980 Plaintiff contacted the EEOC Counselor and brought to his attention the alleged racial discrimination in his appraisal. On June 6, 1980 a formal complaint to the EEOC was filed[1] and on July 17, 1980 Plaintiff received a letter, dated July 11, 1980, from the EEOC denying his claim because he had failed to file his complaint within 30 days of the alleged discriminatory act.

■ Timely exhaustion of a party's administrative remedies in a case of this nature requires said party to comply with 29 C.F.R. § 1613.214(a)(1)(i) which reads:

(a) *Time limits.* (1) An agency shall require that a complaint be submitted in writing by the complainant or his representative and be signed by the complainant. The complaint may be delivered in person or submitted by mail. The agency may accept the complaint for processing in accordance with this subpart only if—

(i) The complainant brought to the attention of the Equal Employment Opportunity Counselor the matter causing him to believe he had been discriminated against within 30 calendar days of the date of that matter, or, if a personnel action, within 30 calendar days of its effective date; ....

■ In the instant case which involved a personnel action, Plaintiff contacted the EEOC Counselor within 30 days of the *effective date* of his supervisory appraisal in question herein. The appraisal in question did not become effective for purposes of an EEOC complaint until Plaintiff tested its validity through the grievance procedure set up by the Defendant and Plaintiff's Union to handle such matters. To hold otherwise would penalize Plaintiff for following the required grievance procedure which Defendant set up through negotiations with Plaintiff's Union. In this connection, when a question of timely exhaustion of administrative remedy is presented to the Court in a case of this nature, the Court should consider the circumstances of the case to determine whether Plaintiff should be excused from the 30-day time limit in which to file a complaint with the EEOC. *See Stockton v. Harris,* 434 F.Supp. 276 (D.D.C.1977).

---

1. On the record before the Court it is assumed that this formal complaint was filed with the EEOC within 15 days of Plaintiff's final interview with his EEOC Counselor. See 29 C.F.R. § 1613.214(a)(1)(ii).

In the instant case even if Plaintiff is deemed to have contacted the EEOC Counselor after the 30-day time limit required by 29 C.F.R. § 1613.214(a)(1)(i), the circumstances of this case would excuse such late contact. The Plaintiff was properly attempting to solve his dispute by utilizing Defendant's grievance procedure before going to the EEOC with his complaint. If the dispute could have been worked out within the Defendant's own framework, this would be preferred to an EEOC investigation. If the Court adopted Defendant's position in this matter it would, as pointed out above, penalize Plaintiff for following the prescribed intra-agency procedure. Accordingly, even if Plaintiff failed to literally comply with the requirements of 29 C.F.R. § 1613.214(a)(1)(i), such failure is excused under the circumstances involved herein.

In view of the foregoing, the Court finds and concludes that Plaintiff timely exhausted his administrative remedies before filing the instant action. Accordingly, Defendant's Motion to Dismiss should be denied.

It is so ordered this 30 day of June, 1981.